(50 App. Div. 518.)

McLAUGHLIN v. EIDLITZ et al.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. MASTER AND SERVANT—SAFETY OF APPLIANCES—DUTY OF MASTER.
Under Laws 1897, c. 415, § 18, providing that a person employing or directing another in the erection or repair of a building shall not furnish or cause to be furnished or erected for the performance of such labor unsafe scaffoldings, the master is liable for injuries sustained by the collapse of a defective scaffolding built by placing timbers on empty barrels, though he furnished a sufficient quantity of suitable material with which to construct a safe scaffolding.

2. SAME—ACTIONS FOR INJURIES—QUESTION FOR JURY.
Where, in an action by a servant against a master to recover for injuries sustained by the collapse of a defective scaffolding furnished by the master, it appears that the servant had some opportunity to inspect it before going on it, the question of whether or not he was guilty of contributory negligence in going on it is one for the jury.

3. SAME.
The question of whether or not a scaffolding was suitable, proper, and safe for the purpose for which it was intended is properly for the jury.

Appeal from trial term, New York county.

Action by Frank McLaughlin against Otto M. Eidlitz and another to recover for personal injuries. From a judgment dismissing plaintiff's complaint, he appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

64 N.Y.S.—13

Charles A. Jackson, for appellant.

Charles O. Nadal (Edward P. Mowton, on the brief), for respondents.

HATCH, J. The action was brought to recover damages for personal injuries claimed to have been sustained by the plaintiff on account of negligence on the part of the defendants. The evidence disclosed that the defendants had constructed a scaffolding or platform over a cable which ran at right angles to the structure, and which was for the purpose of enabling the employés to pass over the running cable without contact therewith, and also for the purpose of making use of the same to pass material to be used in the construction of a scaffolding above the one which is the subject of consideration in this action. This scaffolding was constructed by placing plank upon empty cement barrels, two at each end, on either side of the cable. Other planks were laid from the floor to the top of the platform, thus furnishing a runway over the cable. The plaintiff and another man were directed to go upon this platform for the purpose of passing to the men employed above a beam or plank, and, while so engaged, the barrels, or some of them, which supported the platform, gave way, and precipitated the plaintiff to the floor, where he sustained the injuries of which complaint is made. There was no substantial dispute as to the facts in the case, and at the close of the proof the court dismissed the complaint, upon the ground that there was no evidence of negligence on the part of the defendants, and that the plaintiff had not shown freedom from contributory negligence. An exception was duly taken to the ruling. The defendants seek to support the disposition of the case made by the trial court, so far as negligence on their part is concerned, upon the ground that, as they had furnished a sufficient quantity of suitable material for the construction of the platform, the failure to make use thereof, and to construct a safe and suitable platform for the purpose for which it was to be used, was either the negligence of the plaintiff or of a co-employé; either of which conditions would defeat plaintiff's right to recover; the principle being that the construction of the platform was a mere detail of the work, and that the defendants had discharged all the obligations resting upon them when they had furnished a sufficient quantity of suitable material and competent workmen to construct the platform. This was undoubtedly the rule of law as established by the decisions in Butler v. Townsend, 126 N. Y. 105, 26 N. E. 1017; Vincent v. Mauterstock, 30 App. Div. 308, 51 N. Y. Supp. 494; Moore v. McNeil, 35 App. Div. 323, 54 N. Y. Supp. 956; and Stourbridge v. Railroad Co., 9 App. Div. 129, 41 N. Y. Supp. 128. Under these authorities it is clear that the court of appeals and this court were completely committed to such doctrine, and, if such continued to be the rule of law at the time the plaintiff's injuries were sustained, no doubt would exist as to the correctness of the court's disposition of this case. The accident out of which the present controversy arises occurred about October 16, 1897. Prior thereto the legislature passed chapter 415 of the Laws of 1897, the

same taking effect on the 13th day of May, 1897. By section 18 of that act it was provided:

"A person employing or directing another to perform labor of any kind in the erection, repairing, altering or painting of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged."

It is apparent from this provision that the rule of law as laid down in the authorities which we have cited was changed, and the obligation imposed by the statute resting upon the master is absolute to furnish safe and suitable scaffolding, hoists, stays, ladders, and other mechanical contrivances for the use of its employés. The duty thus to furnish being absolute, the obligation is at all times made the act of the master, which he may not delegate to another, and from which he may not shelter himself from responsibility if the structure be in fact unsuitable and unsafe; the rule in this respect being to make the measure of obligation of the master such as is laid down in Crispin v. Babbitt, 81 N. Y. 516. This question came before the appellate division in the First department in Stewart v. Ferguson, 34 App. Div. 515, 54 N. Y. Supp. 615, wherein it was held that the proper construction of the statute cited was as we have hereinabove announced. This conclusion has been attacked, not only in the present case, but in that of McAllister v. Ferguson (decided at the present term of this court) 64 N. Y. Supp. 197. Claim is made that such rule may not obtain, for the reason that there existed in the statutory law of the state precisely the same provision of law as that contained in section 18 of the act of 1897; and, as the case of Butler v. Townsend, supra, and other kindred cases were decided at the time when this statutory rule was in existence, it indicated a purpose on the part of the court of appeals and of this court to hold that the statute had not imposed any more onerous obligation upon a master than that announced in the Butler Case and those following it. We think that this contention may not be upheld. The act to which reference is made is found in chapter 314 of the Laws of 1885. The provisions of the act are that "a person * * * who shall knowingly or negligently furnish and erect, or cause to be furnished for erection," any scaffolding, etc., shall be guilty of a misdemeanor and subject to a penalty. This act was amended by chapter 214 of the Laws of 1891, but the language in respect to the subject-matter now under consideration was not changed. We should have been inclined to hold that these statutory enactments did not change the rule of law as announced in the Butler Case and the others to which reference has been made. It does not appear from the reports of those cases that such question was raised or considered by the court in making disposition of the respective controversies. But the language of the statute and the amendment thereto did not, in our view, change the rule of law announced in these cases in any particular. The obligation resting upon a master by virtue of the enactment was to prohibit an unsuit-

able, improper erection knowingly or negligently made; and, as the courts had determined that there was no negligence where suitable material and competent men were employed in making the structure, so the enactment did not in any respect increase the obligation. But when we come to section 18 of the act of 1897, supra, we find a radical change in the statutory obligation, for in this provision the words "knowingly or negligently" are stricken from the act, and in place thereof the duty is made absolute that the master shall not furnish an unsafe or unsuitable structure. In view of the current of authority which was in existence at the time of the passage of this law, and in view of the former enactments upon the same subject, and the change in phraseology of the latter act, the question seems to be placed beyond dispute that it was the intent of the legislature, in enacting the later statute, to change the rule of law in this regard.

Making application of this rule to the facts in this case, it is apparent that the structure which fell was a scaffolding, within the meaning of the act, and the jury would have been authorized to find that it was improperly constructed, and was unsafe, unsuitable, and improper for the purposes for which it was designed and used. It is, therefore, clear that, so far as the negligence of the defendant is concerned, the court was not warranted in dismissing the complaint. It is probably true that, notwithstanding the statutory rule, if a person makes use of a scaffold or such a structure as that defined in the statute, knowing the same to be unsafe, unsuitable, or improper, he takes upon himself the risk of such use, and may not be heard in complaint if he is injured thereby. Such question, however, is not ordinarily one to be disposed of as a question of law, but is usually one of fact. So, in the present case, it appears from the testimony that some opportunity was given the plaintiff to make inspection of the platform and its supports; but whether such opportunity and inspection as the plaintiff made or might have made would have disclosed the infirmities existing in the structure or not, could not be disposed of as a question of law. Upon the evidence it became a question of fact for the jury; so that in this respect the ruling of the court was error.

Both questions—as to whether the structure as furnished was suitable, proper, and safe, and whether the plaintiff had notice of the infirmities, or was chargeable with such notice, if infirmities there were—were questions of fact for the jury. These views lead us to the conclusion that the judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.