(97 App. Div. 1.)

TIERNEY v. VUNCK.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. LABOR LAW—BREAKING OF SCAFFOLDING—LIABILITY OF MASTER.

Evidence that a plank in a scaffolding, furnished therefor, had splits in it, and broke when an employé stepped on it, is sufficient to establish liability of the master, under Labor Law (Laws 1897, p. 467, c. 415) §§ 18, 19, imposing on the master the duty of furnishing safe scaffolding for the use of his servants, and providing that it shall be so constructed as to bear four times the maximum weight required to be placed on it when in use.

Woodward and Jenks, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Owen Tierney against William L. Vunck. From a judgment on a verdict for plaintiff and from order denying a motion for a new trial made on the minutes, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Hector M. Hitchings, for appellant.

L. N. Wood (H. Aaron, on the brief), for respondent.

HIRSCHBERG, P. J. The plaintiff has obtained a small verdict for personal injuries received from the breaking of a scaffold on which he was working in the defendant's employment on January 16, 1901. His work was to carry brick and mortar to masons who were engaged in building a chimney in the construction of a Queen Anne cottage. The chimney was nearly finished, the scaffold in question being near the top of it. The scaffold lacked one plank, and the plaintiff was directed to bring up one—he says, the only one which was left for that purpose—and to place it upon the supports. He did so, and then stepped upon the plank, when it broke under him, causing him to fall some 25 or 30 feet. The plank was taken possession of by the defendant on the day of the accident, and was received in evidence and exhibited to the jury on the trial. The defendant testified that it was then in about the same condition as when it broke, except that it had aged a little, and the break did not look as fresh and bright as at first; and one of his witnesses (the one who had directed the plaintiff to use the plank) testified that he would not consider a plank which was split through in several places to be a proper, safe plank to use for scaffolding purposes, and admitted that the plank in question was so badly split at the time of the trial that you could see through it in places. Another witness for the defendant testified that he supposed the plank was split more at the time of the trial than at the time of the accident, and, while conceding that it was not as safe as it would have been if it had no splits in it, insisted that it was safe to use, and "as good as they are, as a rule." Assuming that the burden rested on the plaintiff to prove affirmatively the cause of the plank's breaking, it cannot be said that there was not sufficient evidence to justify the conclusion that the breaking in this instance was because of its obviously unsafe condition. If, as the plaintiff testified, he was directed by the person then apparently in charge of the job to bring up and place this particular plank.

in position, and there was at the time no other one available, the jury might very well relieve him from the imputation of contributory negligence.

Under the present state of the law the breaking of the plank, unexplained, would make a prima facie case of negligence on the part of the defendant. McLaughlin v. Bidlitz, 50 App. Div. 518, 64 N. Y. Supp. 193; Walters v. Fuller Company, 74 App. Div. 388, 77 N. Y. Supp. 681; Wingert v. Krakauer, 76 App. Div. 34, 78 N. Y. Supp. 664; Walters v. Fuller Co., 82 App. Div. 254, 258, 81 N. Y. Supp. 919; Johnson v. Roach, 83 App. Div. 351, 82 N. Y. Supp. 203; Stewart v. Ferguson, 164 N. Y. 553, 58 N. E. 662. Section 18 of the labor law (chapter 415, p. 467, Laws 1897) imposes upon the master the duty of furnishing safe scaffolding for the use of his servants, and section 19 (page 467), provides that such scaffolding shall be so constructed as to bear four times the maximum weight required to be placed thereon when in use. Referring to these provisions of the statute in the case of Stewart v. Ferguson, supra, the Court of Appeals held that, equally whether the cause of the fall of a scaffold was or was not ascertained, the law had the effect (page 555, 164 N. Y., page 663, 58 N. E.) to "enlarge the duty of the master or employer and extend it to responsibility for the safety of the scaffold itself, and thus for the want of care in the details of its construction." The court further said:

"Section 18 is a positive prohibition laid upon the master without exception upon account of his ignorance or the carelessness of his servants. The evidence tended to show that this scaffold was not overloaded, but was bearing the weight usually required in the performance of the labor for which it was an appliance. Prima facie it was so constructed as to bear less than one-fourth the weight required by section 19. Its fall, in the absence of evidence of other producing cause, points to the omission of the duty enjoined by the statute upon the defendant to the plaintiff in its construction, and points to it with that reasonable certainty which usually tends to produce conviction in the mind in tracing events back to their causes, and thus creates a presumption. It is circumstantial evidence, and if it does convince the jury it justifies their verdict."

The brief of the learned counsel for the appellant presents no allegation of error in the charge of the learned court, the point mainly contended for being that no negligence on defendant's part had been established. The facts, however, seem clearly to establish a failure to comply with the statutory requirements, and that such failure could have been avoided by the exercise of ordinary care in the inspection of the material which proved defective. It follows that the judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur, except WOODWARD, J., who reads for reversal, with whom JENKS, J., concurs.

WOODWARD, J. (dissenting). I cannot see my way clear to concur in the conclusion reached by my associates in this court, nor in the reasoning by which such conclusion is reached. The accident in this case occurred before the employer's liability act (chapter 600, p. 1748, Laws 1902), and I am persuaded that under a fair construction of the labor law (chapter 415, p. 461, Laws 1897) the plaintiff has failed to establish a cause of action. Taking the plaintiff's own story, he was

employed by the defendant as a mason's helper, two other men being employed upon the same work, which consisted at the time of the accident in constructing a chimney for a Queen Anne cottage. There is no evidence in the case that either of the masons had any authority over the conduct of the plaintiff, except that one of them assumed to tell him what to do. There is no evidence that the plaintiff owed any duty of obedience to the orders of this mason, or that the latter had any authority to hire or discharge him, or that the defendant recognized this mason as in any manner representing him upon this work. So far as I am able to discover, the defendant had no special representative upon this simple job of constructing a chimney. There were two masons and a helper, whose duty it was to co-operate in completing the work, with no one of them having any authority over the other. During the construction of this chimney it had been necessary to construct and reconstruct a scaffold, and there is no question here in reference to the manner of constructing, for the accident complained of did not result from any fault in construction, but from the breaking of a plank 13 feet long, 2 inches thick, and 12 inches wide, which was being used in one of the reconstructed scaffolds, and which the plaintiff says he was directed to use by Howard Imlay, the mason who assumed to give orders. This plank was in evidence in the trial court, and no one was able to explain why the same should have broken. It appears from the evidence that this plank, so far as any tests which were suggested as being in vogue could determine, was just such a plank as was in common use for this kind of work, and that it was practically a new plank, without defects calculated to weaken the same. The plaintiff testified that he aided in reconstructing the scaffold as it became necessary from time to time, and that at about the time of this accident the three men had been engaged in constructing a secondary platform to enable the masons to reach the top of the chimney; that he had been directed by Imlay to make use of the particular plank which subsequently broke, and that he had picked the same up from the ground, and handed it up to the masons above him, who placed it in position; that when he stepped upon the plank it broke, and he fell to the ground.

Where is the negligence of the master in this case? No scaffolding or other mechanical contrivance broke or fell, if we assume that under the provisions of section 18 of the labor law (Laws 1897, p. 467, c. 415) it was the duty of the master to construct and reconstruct a safe scaffolding. A plank which had every appearance of being sound, and which even the investigation of the trial failed to show was defective in any particular which could have been discovered by the exercise of any reasonable care on the part of the master, broke, and the plaintiff was injured; but something more than this is necessary to establish negligence. The duty of the master to use reasonable care to furnish safe materials and appliances does not require that he should subject every plank, every stick of timber, every bolt, and every nail to an actual test under a given strain. This duty is satisfied by taking the degree of care which a reasonably prudent man would, or should use to protect his own life and limb under the same circumstances, and the evidence in this case is that the plank which was furnished, and

which the plaintiff himself, with several years of experience in similar work, handled, was just such a plank as would be used by any one of the witnesses called; and that it did not disclose, even after the break, any latent defects which a reasonable inspection would have disclosed to the master. Indeed, it appears to have been conceded that this plank, under the careful scrutiny which it subsequently underwent, failed to disclose a condition which accounted for its breaking; and the plaintiff, having himself handled the plank, and assisted in placing it upon the platform, was in as good a position as any one to discover the defects if they existed.

Unless, therefore, there was a duty resting on the master to furnish a scaffolding which was absolutely safe in all its details under all circumstances, it is difficult to see wherein the master has failed in any duty which he owed to the plaintiff. Section 18 of the labor law changes the common-law rule to some extent, and it is, perhaps, too late to suggest the proper construction, limiting it to the exact language used, and making no greater change than its language requires. Rosin v. Lidgerwood Manufacturing Co., 89 App. Div. 245, 247, 86 N. Y. Supp. 49, and authorities there cited. This section provides:

"A person employing or directing another to perform labor of any kind in the erection, repairing, altering or painting of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged."

Does this contemplate anything more than that where the master undertakes to furnish a scaffolding, or where it is his duty to furnish a scaffolding, he shall use reasonable care to see that the same is safe? Is there any duty resting upon him to make it absolutely safe, regardless of defects in materials which he could not discover by the exercise of any reasonable degree of care? I think the law is not to be construed as requiring more than this, for it is not to be presumed that the Legislature intended to deny the equal protection of equal laws to any citizens of this state, and reasonable care is all the law has a right to exact of any one in his ordinary relations with his fellow men, having in mind the obligation to use care commensurate with the dangers to be anticipated from a failure to perform the duty. If the duty is that of reasonable care, can it be that when the master has provided materials which are safe, so far as any inspection of them which is reasonable and practicable will disclose, fit and proper for the construction of a scaffolding, and it becomes necessary, in the course of the work, to reconstruct that scaffolding, that the master owes the duty not only of properly reconstructing such scaffolding, but of guarantying that every plank will hold all of the weight which may be put upon it? There is nothing in the statute which requires every plank to be absolutely safe. The requirement is that the master "shall not furnish or erect, or cause to be furnished or erected, for the performance of such labor, scaffolding, hoists, stays, ladders, or other mechanical contrivances which are unsafe, unsuitable, or improper"; and the evidence in this case, aside from the fact that this plank did break, fails to show that

the defendant did "furnish or erect, or cause to be furnished or erected," any unsafe scaffolding. The scaffolding as a whole was perfectly safe. The single plank which broke, so far as could be discovered by anything short of an actual test, was a safe and suitable plank for the purpose, and it seems to me that there was no ground of negligence established.