CONVEY v. FINN et al.

(Supreme Court, Appellate Division, First Department. February 5, 1909.)

1. APPEAL AND ERROR (§ 930*)—REVIEW—PRESUMPTIONS.

In an action for injury to an employé caused by scaffolding breaking, it must be presumed that the jury found that it was not his duty to construct the scaffolding, where they were instructed that he could not recover if it was his duty, and they found for him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3757; Dec. Dig. § 930.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MASTER AND SERVANT (§ 289*)—INJURY TO EMPLOYÉ—DEFECTIVE SCAFFOLD —JURY QUESTION.

In an action for injury to an employé caused by a scaffolding breaking, ·held, under the evidence, a jury question whether it was his duty to construct the scaffolding.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1113; Dec. Dig. § 289.*]

3. NEW TRIAL (§ 70*) — GROUNDS — VERDICT CONTRARY TO EVIDENCE — SUFFICIENCY OF EVIDENCE.

Evidence in an action for injury to an employé caused by a scaffolding breaking *held* insufficient to warrant setting aside a verdict for plaintiff on the theory that it was his duty to construct the scaffolding.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 142; Dec. Dig. § 70.*]

4. MASTER AND SERVANT (§ 116*)—"SCAFFOLDING."

A board laid across stringers of an unfloored hallway on the fifth floor of a building in course of construction for passage from room to room was "scaffolding" within Labor Laws (Laws 1897, p. 467, c. 415) § 18, prohibiting employers from furnishing unsafe scaffolding.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*]

For other definitions, see Words and Phrases, vol. 8, p. 7795.]

5. MASTER AND SERVANT (§ 265*)—DEFECTIVE SCAFFOLDING—NEGLIGENCE PRESUMED.

Under Labor Law (Laws 1897, p. 467, c. 415) § 18, prohibiting employers from furnishing unsafe scaffolding, negligence of the employer may be inferred from the breaking of a board three-quarters of an inch thick used as scaffolding, in the absence of explanation.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 881; Dec. Dig. § 265.*]

Appeal from Trial Term, New York County.

Action by John Convey against John T. Finn and another. From an order setting aside a verdict for plaintiff and granting a new trial, plaintiff appeals. Reversed, verdict reinstated, and new trial denied.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Levin L. Brown (Alfred Steckler, on the brief), for appellant. John T. Canavan, for respondents.

LAUGHLIN, J. We are of opinion that the verdict should be reinstated. On the 18th day of July, 1905, the defendants, who were masons and builders, were engaged in constructing new apartment houses on premises known as Nos. 7 and 9 Gleneda Place, Brooklyn, and plaintiff was in their employ and had been working on the job three or four months as a laborer, carrying mortar and wheeling brick to the masons. The walls had been constructed and the flooring ·evidently had been laid in the rooms, but not in the hallways, and the stairs had not been built. The principal work of the masons had been finished, but some interior mason work remained to be done in different rooms. The plaintiff had for the most part been engaged in bringing brick and mortar to a particular mason as the work progressed from floor to floor, and on the day in question this mason was working in a room near an open hallway on the fifth floor, and the

---

plaintiff was engaged in the performance of his duty in bringing mortar to him. He was obliged to bring the mortar on a hod from the ground by joist ladders, and then to pass from the room on the fifth floor into which he stepped from the ladder onto a scaffolding constructed over an open hallway, and then back from the scaffolding into a smaller room on the same side of the hallway. It appears that the hallways were four feet eight inches in width, and were open and uncovered, save scaffoldings, from the basement to the top of the building. On. the opposite side of the hallway to that from which the plaintiff approached it in passing from the ladder there was a doorway into. another apartment. A scaffolding had been constructed over the hallway at his point, consisting of a stringer, "2x4," extended from the doorway through which the plaintiff on leaving the ladder entered the hallway, into the doorway across the hallway, and a similar stringer from the doorway entering the smaller room where the mason was at work, to the doorway across the hallway into which the other stringer extended, the two thus joining in the form of the letter V, and then a board three-quarters of an inch in thickness, about eight inches in width and four or five feet in length, was extended across the top of these two stringers parallel with the sides of the hallway like the mark across the capital A. The plaintiff had made one trip, bringing mortar to the mason in this room on the fifth floor, passing over this scaffolding, and was returning to the ground with an empty hod on his shoulder to bring more mortar. In passing from the room in which the mason was working he stepped upon the board resting on the two stringers, and it broke into two parts, precipitating him to the floor below, whereby he received injuries which fairly sustain the amount of the verdict, provided the plaintiff was entitled to recover.

The plaintiff testified that similar runways were constructed over the hallway on the different floors of the building for the use of the working men. The evidence adduced by the defendants tends to show that scaffolding was built over the hallways, but it indicates that scaffolding on the other floors consisted of a single plank two inches in thickness and twelve inches in width, thrown across the hallway. The evidence presented in behalf of the defendants can scarcely be said to controvert the testimony of the plaintiff and his witnesses with respect to the construction of the scaffolding of the fifth floor. It appears that no one in behalf of the defendant examined the broken board after the accident to see what were its dimensions and what was its condition, and none of defendants' witnesses saw it before or testified with respect to the scaffolding that had been constructed on the fifth floor. Evidence was also adduced in behalf of the defendants tending to show that it was part of the duty of the plaintiff to construct scaffolding, and that he had been directed to construct a scaffolding for his own use and the use of others at this particular point on the fifth floor, and to use for that purpose a sound plank two inches thick and twelve inches in width. That testimony, however, is expressly controverted by the plaintiff, and he also produced a witness who had been in the employ of the defendants and who testified that he constructed this particular scaffolding and all scaffolding over the

hallways in the same manner, using in each instance a board across the stringer only three-quarters of an inch in thickness, and that this was done under the direction of the superintendent of the defendants.

The court instructed the jury, in effect, that, if they found that it was the duty of the plaintiff himself to construct the scaffolding, he could not recover. It must be assumed, therefore, that the jury believed the testimony of the plaintiff, and that it was no part of his duty to construct the scaffolding. That was a fair question of fact on the evidence with the probabilities tending to support the verdict, for concededly defendants had special scaffold builders on the job, and it cannot be said that it so preponderated in favor of the defendants that the trial justice was warranted in setting aside the verdict. The structure which gave way is spoken of by the witnesses as a scaffolding, and it evidently was quite as much of a scaffolding as if it had been erected on the outside of the building. It therefore came within the provisions of section 18 of the labor law (Laws 1897, p. 467, c. 415), which provides, among other things, as follows:

"A person employing or directing another to perform labor of any kind in the erection, repairing, altering or painting of a house, building or structure shall not furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders or other mechanical contrivances which are unsafe, unsuitable or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged."

It is not pretended that it was proper construction to use a board three-quarters of an inch in thickness and eight inches in width for men to walk upon over an opening of this kind, and the evidence indicates that planks two inches in thickness are customarily used in such circumstances. Moreover, in view of the provisions of section 18 of the labor law, the breaking of the board, in the absence of explanation, justifies the inference of negligence in the construction of the scaffolding. Lentino v. Port Henry I. O. Co., 71 App. Div. 466, 75 N. Y. Supp. 755; Madden v. Hughes, 104 App. Div. 101, 93 N. Y. Supp. 324, Id., 185 N. Y. 466, 78 N. E. 167; Tierney v. Vunck, 97 App. Div. 3, 89 N. Y. Supp. 612. It does not appear by the record that any errors prejudicial to the defendants were committed on the trial.

It therefore follows that the order should be reversed, with $10 costs and disbursements, the verdict reinstated, and motion for a new trial denied. All concur.