(72 Misc. Rep. 477.)

### WOLLMAN v. NATIONAL FIRE INS. CO. OF HARTFORD.

(City Court of New York, Special Term. June, 1911.)

INSURANCE (§ 602*)—ACTION ON POLICY—ENFORCING PENAL LAWS OF ANOTHER STATE.

    Rev. St. Mo. 1909, § 7068, providing that in an action on an insurance policy the jury may award 10 per cent. damages and reasonable attorney's fees if the company vexatiously refused to pay the loss, is a penal statute, not enforceable in New York in an action on a policy made in Missouri, and an allegation in the complaint in an action on such policy setting up such statute will be stricken out on motion.

    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1498; Dec. Dig. § 602.*]

Action by Martin Wollman against the National Fire Insurance Company of Hartford. Motion to strike out certain allegations in the complaint granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Leo Levy, for the motion.
Wollman & Wollman, opposed.

SCHMUCK, J. The plaintiff, a resident of the city of New York, sues the defendant, a foreign corporation, for a loss by fire of stock and merchandise. The contract of insurance was made in the state of Missouri. The property was situated and the cause of action arose in that state. The plaintiff, believing that the laws of Missouri not only dictate whether a cause of action herein exists, by governing the question of what contract was made between the parties, but also regulate and control the manner of enforcement, in his complaint sets forth section 7068 of the Revised Statutes of Missouri, which deals with actions based upon policies of insurance. With this allegation, known as paragraph 9 of the complaint, the defendant is incensed, and demands that it be eradicated before being compelled to plead or answer to the complaint. The basis of the application is that the Missouri statute referred to has no control of an action brought in this state, as it affects the enforcement of the remedy and places upon an insurance company defending an action a burden unknown to the laws of this state.

If the statute referred to has no application to an action brought in this court, then the defendant is justified in demanding of the court the exercise of the discretion vested by virtue of provisions of section 545 of the Code of Civil Procedure. An examination of the statute indicates that, if a jury discovers an insurance company to have vexatiously refused to pay a loss, the court or jury, besides the amount of the loss, may allow the plaintiff damages not exceeding 10 per cent. of the loss and a reasonable attorney's fee. The effect of the statute is clearly for the purpose of controlling the effect of a contract, and not of determining the nature thereof. Again, the effect thereof is to impose a penalty upon a defendant if a court or jury discover that payment of the loss has been vexatiously resisted. The motion, therefore, raises the question: Will the courts of this state enforce a statute in another state, which is in the nature of a penalty? From a reading of the authorities it would seem as if the statute does not control this court. It is quite true—in fact, too plain for argument—that the provisions of a contract must be the same in every state. Valk v. Erie R. R. Co., 130 App. Div. 446, 114 N. Y. Supp. 964. Therefore, if this statute has to do with the question whether the agreement made between the parties was a contract, it would control and govern the courts of all other states in an action based upon the agreement; for there is no surer aphorism of the law than that the lex loci contractus controls the terms and provisions of the contract.

But, as has been indicated, the statute has naught to do with the provisions of the contract. It endeavors to add something to it, regardless of the agreement of the parties, in a manner obnoxious to the laws of this state. In short, it imposes a penalty. That courts of this state are not bound by a penalty imposed by the laws of another state is the trend of the decision of Curtis v. D., L. & W. R. R. Co., 74 N. Y. 116, 30 Am. Rep. 271. Likewise it would appear from Williams

v. C. R. R. of N. J., 93 App. Div. 582, 88 N. Y. Supp. 434, wherein a statute of New Jersey limiting the liability of the carrier was held to have no application to an action brought in this state, and that a foreign statute limiting liability was incapable of enforcement in this state. It would appear, therefore, that while the law of the state where the contract was made will govern so far as the validity and construction of the contract is concerned, it is, however, of no avail when it affects the rights and remedies of the parties thereto. Valk v. Erie R. R. Co., supra. As this court, is not controlled by the Missouri statute, for the reasons above stated the allegation thereof in the complaint is immaterial, irrelevant, and redundant.

The motion to strike out is therefore granted. Submit order granting motion and permitting defendant, within six days after entry of the order herein, to plead or answer. Let the order be settled upon one day's notice.

Ordered accordingly.