Rosina Passaretti, as Administratrix, etc., of James Fierro, Deceased, Appellant, *v.* Frank Cerra, Respondent.

*Negligence — action for damages suffered by plaintiff when he fell from board eight inches wide used by laborers to go from one side of building to other — building was under repair — board was on third floor and across stair well — not error to grant nonsuit.*

Appeal from a judgment of the Supreme Court in favor of the defendant, entered in the Queens county clerk's office June 6, 1925, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case upon a trial at the Queens Trial Term.

Judgment affirmed, with costs. No opinion. Rich, Manning, Young and Kapper, JJ., concur; Kelly, P. J., reads for reversal.

Kelly, P. J. (dissenting): It is provided in the Labor Law, section 240, that scaffolding used in the erection of a building shall be " constructed, placed and operated as to give proper protection " to laborers using such scaffolding. The board, eight inches wide, placed across the stairway well on the third floor was a scaffold within the meaning of the statute. (*Ross* v. *D., L. & W. R. R. Co.,* 231 N. Y. 335; *Caddy* v. *Interborough R. T. Co.,* 195 id. 415; *Convey* v. *Finn,* 130 App. Div. 440.) It crossed from one side of the building to the other; there was no other way of getting from one side of the building to the other. The men went

back and forth on it. The defendant, respondent, the general contractor, knew this. He was in the building every day; he was on the third floor inspecting the work. The board in question had been used for the purpose indicated for at least four weeks. The jury might have found that defendant knew of its use. The board was not fastened on either side of the opening; it was movable; on the day of the accident it was eighteen inches from the wall of the building. It was an old board which had been used by plasterers or bricklayers. Decedent, a plumber's helper, was working on the third floor fitting gas pipes, near the open stairway well. Dirt and sand came down through the opening from men working on the floor above, blinding decedent, who called to the men on the upper floor to " cut it out." But they paid no attention to him, so he walked over on the board or plank three or four feet to call to them to stop. The board was rough, with plaster on it, a couple of bent nails; it was just long enough to cross the open well. As decedent walked out on it, it " wobbled." Decedent grabbed on the window sill in the main wall eighteen inches from him, but he lost his balance and fell down in the opening to the cellar, receiving injuries resulting in his death. The learned trial justice dismissed the complaint upon the ground that there was no evidence of negligence on the part of the contractor in supplying such a scaffold for the use of the men; he said the board did not break; it simply sagged with the weight of the laborer using it, and he said there was nothing to show what caused the fall; that he apparently lost his balance; and referring to the claim that a board eight inches wide was unsafe, he said that two planks' width would not have made any difference. I think the question whether this unfastened, wabbling, movable, narrow board furnished for passage over the dangerous opening was constructed and placed so as to give proper protection to the laborer using it, was for the jury, and that the nonsuit should be reversed and a new trial granted.