## COFFIN v. LONDON & EDINBURGH INS. CO.

District Court, N. D. Georgia. July 17, 1928.

No. 936.

**1. Courts** ⊚⟹328(11)—**As affects amount involved, contract for insurance on Georgia property of Georgia resident, but dated in another state, held not clearly not a Georgia contract.**

Contract for fire insurance on property in Georgia, payable to resident thereof, but dated in New York, *held* not so clearly not a Georgia contract as to justify dismissal of action thereon in District Court for Georgia, under law of which judgment for over $3,000 might be secured, irrespective of attorney's fees claimed.

**2. Insurance** ⊚⟹125(1)—**Fire insurance being purely personal contract, location of property insured is not conclusive in fixing law under which parties contracted.**

Fire insurance being a purely personal contract, location of property insured is not conclusive to fixing the law under which parties intended to contract, as contract could be performed without visiting place of destruction and enforced by suit in any court acquiring jurisdiction of defendant.

**3. Insurance** ⊚⟹133(1)—**Memorandum sufficient under statute of frauds is not always sufficient compliance with statute requiring that entire fire insurance contract be written (Park's Ann. Civ. Code Ga. § 2470).**

A memorandum sufficient to satisfy the statute of frauds is not always sufficient compliance with Park's Ann. Civ. Code Ga. § 2470, requiring entire contract for fire insurance to be in writing.

**4. Insurance ⟪==⟫501—Limitation of fire insurance to three-fourths of loss is valid, in absence of contrary statute (Park's Ann. Civ. Code Ga. § 2545).**

Limitation of fire insurance recoverable to three-fourths of loss by special entry on printed form of binder is valid, in absence of contrary statute, such as Park's Ann. Civ. Code Ga. § 2545.

**5. Contracts ⟪==⟫175(1)—Parties should be assumed to have intended contract to have full effect, in determining what law governs.**

It should be assumed that parties intended their contract to have full effect, and hence intended to deal under law of place wherein contract is valid, rather than state under law of which it is void.

**6. Insurance ⟪==⟫125(2), 501—Fire insurance contract, made with and delivered to insured's broker in New York, held New York contract, not void because limiting insurance to three-fourths of loss (Park's Ann. Civ. Code Ga. § 2545).**

Fire insurance contract, made with and delivered to insured's broker in New York, and mailed by him to insured, residing in Georgia, wherein property was located,.held a New York contract, and hence not void under Park's Ann. Civ. Code Ga. § 2545, because limiting insurance recoverable to three-fourths of loss.

**7. Insurance ⟪==⟫602—Penalties under Georgia law for refusal to pay loss do not apply to fire insurance contract made in New York (Park's Ann. Civ. Code Ga. § 2549).**

While sending of agent into state to adjust even a single loss may be doing business therein, so as to give courts thereof jurisdiction of action on fire insurance contract, penalties imposed by Park's Ann. Civ. Code Ga. § 2549, for refusal in bad faith to pay loss, do not apply to contract made in New York under New York laws, though property insured is located and insured resides in Georgia.

**8. Courts ⟪==⟫37(1)—Insurer, repudiating compromise settlement of suits on concurrent insurance contracts, held estopped to claim that amount of compromise fixed amount due plaintiff on one of them for jurisdictional purposes.**

Fire insurance company, repudiating compromise settlement of suit on concurrent contracts of insurance, and defending entire suit without acknowledging any liability, held estopped to claim that such compromise fixed amount due insured, under rider making insurer's liability on one of such contracts dependent on adjustment and settlement under contract of concurrent insurance.

At Law. Action by Samuel B. Coffin against the London & Edinburgh Insurance Company. Judgment for plaintiff.

Watkins, Asbill & Watkins, of Atlanta, Ga., for plaintiff.

Anderson, Rountree & Crenshaw, of Atlanta, Ga., for defendant.

27 F.(2d)—39½

SIBLEY, District Judge. [1] There is a motion to dismiss, based on the ground that an insufficient amount is involved. A judgment for more than $3,000 is prayed for and might be secured, irrespective of the attorney's fees claimed, which has sometimes been held to be mere costs, if the insurance contract sued on should be held to be governed by Georgia law, as is expressly claimed in the petition as amended. The insurance is on property in Georgia and is payable to a resident of Georgia, but is dated in another state. The full facts attending its making are not pleaded. It does not appear with sufficient clearness that it is not a Georgia contract to justify the court in refusing to hear the contention. I therefore overrule the motion to dismiss.

[2] The case was heard before me on a stipulation waiving a jury. It appears that the plaintiff applied to a broker in New York to get insurance on his property in Georgia, and that the broker in New York obtained the contract sued on, together with two others, aggregating $10,000, through McKelvie & Co., who represented and acted for the three insurers. The contract sued upon was made with and delivered to the broker in New York, and by him mailed to plaintiff. It contains no agreement as to what law should be applicable to it. Fire insurance is a purely personal contract. The location of the property insured is not conclusive in fixing the law which the parties intended to contract under. It might be a ship at sea, or a house in a city never visited by either party. In case of loss the contract can be performed without visiting the place of destruction. An adjustment can be reached by bringing witnesses from the scene of loss, and the contract can be enforced by suit in any court that can get jurisdiction of the defendant.

[3-6] A Georgia statute (Park's Code, § 2470) requires the entire contract of fire insurance to be in writing. A memorandum sufficient to satisfy the statute of frauds will not always do. The so-called "binder" sued on here is of doubtful sufficiency under this statute. It really contains no promise to pay in case of loss. The binder, by a special entry on the printed form, limits insurance recoverable to three-fourths of the loss. This limitation is void under another Georgia statute (Park's Code, § 2545), but valid elsewhere in the absence of statute. It should be assumed that the parties intended their contract to have full effect. This can be secured only by attributing to them an intention to deal under the law of the place

of the contract, and not under that of the state of Georgia. The original suit in this case recognizes the three-fourths value limitation as valid. I hold this to be a New York contract according to the true intent of the parties entering into it.

[7] It results that the three-fourths value clause is valid. Also the penalties of the Georgia law (Park's Code, § 2549), of 25 per cent. damages and attorney's fees by refusal in bad faith to pay the policy, do not apply. The statute on its face relates only to Georgia insurance companies and those doing business in the state. While the sending of an agent into a state to adjust even a single loss may be doing business, so as to give Georgia courts jurisdiction (Lumbermen's Insurance Co. v. Meyer, 197 U. S. 407, 25 S. Ct. 483, 49 L. Ed. 810), I do not see how, if the contract was made under the New York laws and in New York, the accident of a jurisdiction for suit acquired here would enable the Georgia Legislature to add to the contract the penal consequences set forth in the statute. The binder, indeed, does not contemplate a Georgia adjustment, but makes the defendant's liability to follow the adjustment and settlement made on another contract of concurrent insurance.

[8] This other contract, for an amount double that here sued on, was compromised for the sum of $3,250. It is thereupon claimed that this fixed the amount due on the contract in suit at $1,625. It is shown, however, that, after long unsuccessful attempts to adjust and settle in the usual course, suit was brought on both contracts. Pending suit McKelvie & Co. agreed on a lump settlement for all the insurance involved at a compromised amount. One company paid its part, $3,250, as above stated, but the amount was received by plaintiff's attorney expressly without prejudice to plaintiff's claims, if the other companies should fail to pay their part. The defendant company not only did not pay its part, but repudiated all of the acts done in its behalf in that connection. It is now defending the entire suit, not acknowledging any liability at all. If the compromise of a lawsuit with the other company, as distinguished from an adjustment and settlement in ordinary course, was meant to be conclusive by the clause of the rider referred to, I do not think the defendant can blow hot and cold about it; that is, repudiate this measure for the purpose of claiming no liability, and in case of failure then to fall back on the agreement in the rider. Having denied that it is bound by the compromise, it is estopped to claim that plaintiff is bound.

A judgment may be presented, following the conclusions here announced.