**CONSOLIDATED AUTO WARRANTY CORPORATION et al., Plaintiffs,**

v.

**BANKERS FIRE & MARINE INSURANCE COMPANY, a corporation, Defendant.**

Civ. A. No. 9481.

United States District Court
N. D. Alabama, S. D.

Jan. 13, 1960.

Edward M. deCastro, New York City, and Rives, Peterson, Pettus & Conway, Birmingham, Ala., for plaintiffs.

Spain, Gillon & Young, Ralph Tate and S. R. Starnes, Birmingham, Ala., for defendant.

Leader, Tenenbaum, Perrine & Swedlaw, Birmingham, Ala., for intervenor.

GROOMS, District Judge.

There has been submitted to the Court a motion to strike the amendment to the complaint filed herein on October 20, 1959. This amendment seeks to recover under the provision of the Georgia statute, § 56–706, a penalty and attorneys' fees for alleged bad faith failure to pay an insurance loss. The parties have submitted memorandum briefs which the Court has carefully considered. The Court has also independently researched this question. The issue presented is whether the Georgia statute has any extraterritorial operation.

It is said in 14 American Jurisprudence, p. 419, § 224:

"It is familiar law that statutes do not extend ex proprio vigore beyond the boundaries of the state in which they are enacted. If they are merely penal they cannot be enforced in another state. If they furnish merely a local remedy for the invasion of a recognized right which is protected elsewhere in other ways, they cannot be given effect in another jurisdiction."

The Court of Appeals of Georgia, in Alliance Insurance Co. v. Williamson, 36 Ga.App. 497, 137 S.E. 277, 281, employed the following language in referring to said section:

"The provision for damages *being in the nature of a penalty*, must be strictly construed, and in order for damages to be authorized it must appear that the company, in bad faith, refused to pay the claim within 60 days after a demand had been made * * *." (Emphasis supplied.)

In the later case of Brown v. Travelers Protective Ass'n of Am., 45 Ga.App.

410, 165 S.E. 143, 144, it was again stated:

> "Section 2549 *imposes a penalty and must be strictly construed.*" (Emphasis added.)

Section 2549 referred to in these decisions is the present section 56–706.

In the earlier case of Phenix Insurance Co. v. Hart, 112 Ga. 765, 38 S.E. 67, 70, the Court refers to this section as imposing on insurance companies *"penalties* for a failure to pay a debt." The Court of Appeals in the recent case of Reserve Life Ins. Co. v. Gay, 96 Ga.App. 601, 101 S.E.2d 158, 160, refers to "the *penalty* provided under Code, § 56–706".

Judge Sibley, in the case of Coffin v. London & Edinburgh Ins. Co., D.C., 27 F.2d 616, at 618, likewise refers to "the *penalties* of the Georgia law."

In view of the pronouncements of the Georgia Court and of Judge Sibley, sitting in the federal court in Georgia, this Court holds that the Georgia statute referred to is a *penalty* statute and is without extraterritorial effect. The Court is of the opinion that the motion to strike should be granted. It is confirmed in this view by the decisions of the Court of Appeals for the Fifth Circuit in Fidelity-Phenix Fire Ins. Co. v. Cortez Cigar Co., 92 F.2d 882, certiorari denied 303 U.S. 636, 58 S.Ct. 521, 82 L.Ed. 1096, and the American Fidelity & Casualty Co. v. Greyhound Corporation, 258 F.2d 709, and also by the decision of Judge Learned Hand in Kline Bros. & Co. v. Royal Ins. Co., C.C., 192 F. 378. See likewise the case of Wollman v. National Fire Ins. Co., 72 Misc. 477, 131 N.Y.S. 335.

Alabama once had a statute similar to the Georgia statute. See Alabama Code of 1907, § 4595. However, by Act 359, approved September 24, 1923, this section was repealed. There have been numerous attempts to reenact a like provision, but these all failed. If this constitutes a manifestation of the public policy of this state, and it appears that it does, the courts would in no event look with favor upon the enforcement of the penalty provision of the Georgia statute referred to.

It is, therefore, ordered, adjudged and decreed that the defendant's motion to strike the amendment of October 20, 1959, to the complaint be and the same is hereby granted, and the said amendment be and the same is hereby stricken.