## WEST *v.* SANDERS, administrator.

A contract was entered into between A. and B., whereby it was stipulated that B. should take out two policies of insurance on his life, one payable to his wife and the other to A., who had no insurable interest in B.'s life; and that A. should pay all the premiums on both policies until the death of B., and should receive the entire insurance on the policy in which he was the beneficiary, and one half of the insurance collected on the wife's policy. The two policies were accordingly issued by an insurance company, and the wife of B. in writing ratified the contract between A. and B. *Held:*

1. Such a contract is a wagering contract, contrary to public policy, and is therefore null and void.

2. In a suit by A. against the wife, or the representative of her estate, to recover one half of the money collected by her on her policy upon the life

of her deceased husband, it was not error in the court to direct a verdict for the defendant, when the testimony disclosed such a contract as the basis of the action.

Argued June 20, — Decided July 18, 1898.

Action on contract. Before Judge Henry. Polk superior court. August term, 1897.

*Irwin & Bunn*, for plaintiff.    *Sanders & Davis*, for defendant.

LEWIS, J. This case is controlled by the decision this day rendered in the case of *Exchange Bank of Macon* v. *Loh*, ante, 446. The questions involved are so fully discussed in the opinion delivered by Presiding Justice Lumpkin, that no further elaboration of them is now necessary.

*Judgment affirmed. All the Justices concurring.*