SHINHOLSER *et al. v.* HENRY *et al.*

FISH, C. J.   1. The objection that the beneficiary named in a certificate issued by a fraternal beneficiary order was ineligible under its by-laws can be raised only by the order itself; and an admission of liability on the part of the order, and payment of the fund into court, is a waiver of any objection to the beneficiary.   Johnson *v.* Knights of Honor, 53 Ark. 255 (13 S. W. 794, 8 L. R. A. 732) ; Knights of Honor *v.* Watson, 64 N. H. 517 (15 Atl. 125) ; Tepper *v.* Royal Arcanum, 61 N. J. Eq. 638 (47 Atl. 460, 88 Am. St. R. 449) ; Maguire *v.* Maguire, 59 App. Div. 143 (69 N. Y. Supp. 61) ; Markey *v.* Supreme Council, etc., 70 App. Div. 4 (74 N. Y. Supp. 1069) ; Sangunitto *v.* Goldey, 88 App. Div. 78 (84 N. Y. Supp. 989) ; Taylor *v.* Hair, 112 Fed. 913; Meyers *v.* Schumann, 54 N. J.

Eq. 414 (34 Atl. 1066); Clark *v.* Davenport, 95 N. Y. 479; Spencer *v.* Myers, 150 N. Y. 269 (44 N. E. 942, 34 L. R. A. 175, 55 Am. St. R. 675); Johnson *v.* Van Epps, 110 Ill. 551 (4), 563; 1 Cooley's Ins. Briefs, 320, 815, 816. See *Doody Co.* v. *Green*, 131 *Ga.* 568 (62 S. E. 984); *Dell* v. *Varnedoe*, 148 *Ga.* 91 (95 S. E. 977); Depee *v.* Grand Lodge A. O. U. W., 106 Iowa, 747 (76 N. W. 798); Order of Patricians *v.* Davis, 129 Mich. 318 (88 N. W. 874); Fischer *v.* Malchow, 93 Minn., 396 (101 N. W. 602); Pennsylvania R. Co. *v.* Wolfe, 203 Pa. 269 (52 Atl. 247); Schardt *v.* Schardt, 100 Tenn. 276 (45 S. W. 340).

(*a*) Accordingly, where, on the death of a member of a fraternal order, a person originally designated as a beneficiary in the member's certificate, and two other persons subsequently named therein as substituted beneficiaries in place of the original beneficiary, claim the amount payable on the certificate, and the order thereupon files its petition for interpleader against such persons, and deposits the amount of the certificate in court, it thereby waives any objection as to the eligibility of the person first named to be a beneficiary under its by-laws, and the substituted beneficiaries can not raise such objection.

2. The errors assigned on the admission of evidence are not meritorious, and are not of such character as to require special consideration.

3. In several of the grounds of the motion for new trial error is assigned upon the instructions of the court to the jury on the question as to the eligibility of the person first named to be a beneficiary in the certificate. Even if such instructions were subject to the criticisms made thereon, that question, under the ruling above made, was immaterial, and the instructions do not appear to have been harmful to the movant.

4. There was ample evidence to authorize the instructions as to the alleged mental incapacity of the insured to make a change as to the beneficiaries in the certificate; and also as to alleged undue influence and fraud practiced upon him to induce him to make such change.

5. Sam. D. Shinholser, deceased, was the member to whom the benefit certificate was issued. Mrs. Mary Henry, formerly Shinholser, was named as the original beneficiary, and designated as "daughter." John W. Shinholser and Robert L. Shinholser, designated as "brothers," were the beneficiaries named when the change as to beneficiaries was made by the insured. Vital issues in the case were whether the insured was mentally incapable of making the change in beneficiaries, or whether he was induced, to make it by undue influence or fraud practiced upon him. In view of the pleadings, the evidence, and the entire charge given, there was no material error as against the movants, for any reasons assigned, in the instructions to which exceptions were taken.

6. The court did not err in refusing written requests to charge the jury as follows: (*a*) "Unless you believe from the evidence in the case that there was on the part of Samuel D. Shinholser at that time such a mental condition as to betray a total want of understanding. or idiocy, or delusion, his mind could not be called unsound." (*b*) "Unless you believe from the evidence in the case that at the time of such signing Samuel D. Shinholser was of unsound mind, you should find in favor of the validity of the change of beneficiaries."

7. There was ample evidence to authorize the verdict, and the refusal of a new trial was not error. *Judgment affirmed. All the Justices concur.*

No. 2078. MARCH 3, 1921.

Interpleader. Before Judge Mathews. Bibb superior court. April 28, 1920.

To the facts appearing from the decision of the court in the syllabus, supra, it may be added that the substituted beneficiaries alleged (among other things) in their pleading, and contended in their motion for new trial, that the uncontradicted evidence showed that Mrs. Henry was not the daughter of Sam D. Shinholser, the benefit-certificate holder, deceased, and had never been legally adopted by him and was not legally dependent upon him at the time the certificate was issued, and at the time of his death she was not in any way dependent on him, but was then married and living with her husband apart from Sam D. Shinholser; and therefore that she was not one of the classes of persons to whom the proceeds of the certificate could be paid, under its terms and under the laws and rules of the fraternal order that issued it.

The errors assigned on admission of evidence over objections were: (a) In receiving testimony of Mrs. Henry, that she loved Sam. D. Shinholser as a daughter loves her father; the objection being that this was irrelevant and an appeal to the sympathies of the jury; the court ruling that she could thus testify, "if for no other reason, to combat the proposition that she wilfully neglected him." (b) In receiving testimony of Mrs. Henry, that "most of the time he talked incoherently; sometimes he would talk naturally;" the objection being that this was but the conclusion and opinion of the witness, without stating any facts from which the jury could determine whether his talk was incoherent or not; and that it was prejudicial to the movants. (c) In receiving testimony of Mrs. Grace, that the character and kind of association and relationship between Sam. D. Shinholser and Mrs. Henry was "just like any other fond parent for his daughter; he was very fond of her and foolish about her, and we all knew he was;" the objection being that this was an opinion and conclusion of the witness, without any facts to support it, and of such character that it could not be justified by any circumstances capable of observation by her.

*Jones, Park & Johnston* and *Richard Curd,* for plaintiffs in error.

*Hall, Grice & Bloch,* for Mrs. Henry.

*John R. L. Smith,* and *Grady C. Harris,* for fraternal order.