## 11869. STROUP *v.* CRAWFORD.

The original petition, by which the plaintiff sought to recover damages for fraud which was alleged to have induced a sale of land made by him, was against both defendants for fraud and deceit, and against one of them as a tenant in common of the plaintiff; the amendment was against one of them, as a partner of the plaintiff in real-estate transactions, and charged fraud arising from a violation of his fiduciary relationship. The petition was therefore subject to the objection pointed out by the demurrer, that it was duplicitous and multifarious, and contained distinct causes of action against different parties.

The allegations of the petition as amended were insufficient to show a partnership between the parties.

DECIDED MARCH 16, 1921.

Complaint; from Whitfield superior court — Judge Tarver. September 25, 1920.

*Maddox, McCamy & Shumate,* for plaintiff.

*C. D. McCutchen,* for defendants.

HILL, J. Stroup sued J. A. Crawford and W. S. Crawford for $250, alleging, in substance, the following facts: Plaintiff and defendants bought a described house and lot in Dalton as tenants in common. While plaintiff was in Florida the defendant W. S. Crawford wired him, asking for the lowest price for his interest in said house and lot. After some correspondence he offered to sell for $1,500, and this offer was accepted. The deed was made to J. A. Crawford. Plaintiff charges that J. A. Crawford and W. S. Crawford misled and deceived him as to the purpose in purchasing his interest in the lot. He thought and had reason to believe that the lot was desired as a house for W. S. Crawford, and he would not have sold it to J. A. Crawford for the purpose of speculation. Plaintiff alleges that when W. S. Crawford offered to pay him the $1,500 for his interest in the lot, he and his father, defendant J. A. Crawford, had agreed to sell the lot for the sum of $3,500. When plaintiff and defendant J. A. Crawford bought the property they intended to hold it as an investment for the purpose of realizing a profit out of it. He reposed confidence in the honesty of defendant J. A. Crawford, and, because of their joint ownership of the property, it was J. A. Crawford's duty to fully acquaint him with all the facts in relation to the sale of his interest in the property; but both defendants concealed the facts from him, intending to defraud him, and did by these deceitful means defraud him of the sum of $250. The plaintiff amended his petition, alleging that J. A. Crawford and himself were partners in the purchase of real estate, alleging several transactions relating to the business of the partnership, which were not completed, and one transaction in the purchase and sale of a piece of real estate by them in the State of Tennessee. On general and special demurrer, the plaintiff was required by the court to amend his petition by "alleging whether or not there was an express contract of copartnership, and whether verbal or written," and, on his refusal to do so, the court sustained the demurrer and dismissed

the petition; and the plaintiff excepted.

There was no error in the judgment sustaining the demurrer.

1. (a) The original petition was against both defendants, for fraud and deceit, (b) and against one of the defendants as a tenant in common. (c) The amendment was against only one of the defendants as a partner in real-estate transactions, and charged fraud arising from a violation of his fiduciary relationship. (d) The petition was therefore subject to the objection pointed out by the demurrer, that it contained distinct causes of action and against different parties, and was duplicitous and multifarious. Civil Code (1910), § 5631; *Price* v. *Virginia-Carolina Chemical Co.,* 136 *Ga.* 175 (71 S. E. 4); *Orr* v. *Cooledge,* 117 *Ga.* 195 (3) (43 S. E. 527).

2. The allegations of the petition as amended were wholly insufficient to show a partnership inter se. Civil Code (1910), §§ 3156, 3157.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*