20902. SAVILLE, administratrix, *v.* LEE, administratrix.

BELL, J. 1. This being an action for money had and received, brought by the administratrix of an insured person to recover the proceeds of a life-insurance policy collected by the administratrix of an assignee of the policy, less the amount of an indebtedness alleged to have been due by the insured to the estate of the assignee, the suit was not founded upon the policy as the cause of action, and it was unnecessary to attach a copy of the policy as an exhibit to the petition. *East Atlanta Land Co.* v. *Mower*, 138 *Ga.* 380 (2) (75 S. E. 418); *Steele* v. *Graves*, 160 *Ga.* 120 (3) (127 S. E. 465).

2. The policy, having been paid, was in the possession of the insurer in another State and was not introduced, but the evidence authorized the inference that it was procured by the insured and was payable to a creditor bank, which declined to accept it, and was later assigned by

the ·bank and the insured to the defendant's intestate. Although the assignment was absolute in form, it was a fair deduction, from the evidence, that it was intended merely as security for an indebtedness due by the insured to the assignee, and thus that all right in the policy in excess of such debt was the equitable property of the insured and descended to his administratrix at his death. Ætna Insurance Co. *v.* Smith, 117 Miss. 327 (78 So. 289, L. R. A. 1918D, 1158); 5 C. J. 956, 1018; 22 C. J. 1260; 10 R. C. L. §§ 231, 234.

3. As a general rule, the proceeds of a policy in which a third person is named as beneficiary belong exclusively to such beneficiary as an individual, and are not subject to administration as an estate of the insured (*Doody Co.* v. *Green*, 131 *Ga.* 568 (2), 62 S. E. 984; *Cates* v. *Bankers Health &c. Insurance Co.*, 27 *Ga. App.* 159, 107 S. E. 615; 37 C. J. 566), but where it appears as a matter of fact that the policy is held by a creditor merely as security for a debt of the insured, the creditor is entitled only to reimbursement, and is bound to account for the balance to the legal representative of the debtor. *Exchange Bank* v. *Loh*, 104 *Ga.* 446 (31 S. E. 459, 44 L. R. A. 372); *Morris* v. *Georgia Loan Co.*, 109 *Ga.* 12 (34 S. E. 378, 46 L. R. A. 506); *Sprouse* v. *Skinner*, 155 *Ga.* 119 (116 S. E. 696); 37 C. J. 568, § 328.

4. Since the action was not based upon the policy, but was a suit for money had and received, and the evidence authorized the inference that the policy was the general property of the insured and was assigned to the defendant's intestate merely as security for a debt, the real question for determination was whether the plaintiff administratrix was entitled to the proceeds of the policy (less the debt to the assignee), and it is immaterial that the petition alleged that the policy was payable to the estate of the insured, when in fact a creditor may have been named as beneficiary.

5. The present case is distinguished from *Rylander* v. *Allen*, 125 *Ga.* 206 (53 S. E. 1032, 6 L. R. A. (N. S.) 128, 5 Ann. Cas. 355), in which the question for determination related only to the right of a person to procure insurance upon his own life and then to assign it to another who had no insurable interest, and involved no right as between the estate of an insured and a creditor holding a policy as security for a debt.

6. The petition was not subject to the demurrers interposed, and the verdict for the plaintiff was supported by the evidence. No error of law being complained of, the court did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 20, 1931.

*H. A. Wilkinson,* for plaintiff in error.    *W. H. Gurr,* contra.