21748.   BURNETT, administrator, *v.* LUNSFORD *et al.*

DECIDED APRIL 29, 1932.

*Boyd Sloan, B. P. Gaillard Jr.,* for plaintiff in error.
*Joseph G. Collins,* contra.

LUKE, J.   Missouri Lunsford and Alice Lunsford brought suit against Henry Burnett, as administrator of the estate of W. M. Holloway, for the recovery of a certain sum of money, and for the proceeds of the sale of certain household effects and parcels of real estate, and for general relief.   By amendment the petitioners aban-

doned all claim to the proceeds of the real estate, and limited the suit to the recovery of $683. A trial by jury resulted in a verdict and judgment in favor of the petitioners for the sum demanded. Exceptions pendente lite were taken to the judgments overruling the objection to the allowance of an amendment to the petition, and overruling a special and general demurrer thereto. Exception was also taken to a judgment overruling defendant's motion for a new trial. A writ of error to the Supreme Court was in due course transferred by that court to this court, for the reason that the Supreme Court was without jurisdiction.

The gist of the amendment to the petition (to which defendant's objection and demurrer were interposed, and overruled) is as follows: " . . Holloway knew that he was to die and knew he owed plaintiffs a large sum for their services for waiting on him and his wife, and had promised to pay for same, and in this transaction intended and did pay plaintiffs all the balance of said money after said items were taken therefrom. Further, . . he also gave all the balance of said money to plaintiffs, and delivered it by delivering it to said Phillips in trust and for the benefit of plaintiffs after deducting therefrom said items."

One of the grounds of demurrer (and, substantially, of the objection to the allowance of the amendment) was: "The petition is duplicitous, in that it attempts to set up in one and the same count two separate causes of action, to wit: a suit to recover a gift alleged to be made by W. M. Holloway to the plaintiffs, and a claim for services rendered by plaintiffs to Mr. and Mrs. W. M. Holloway in their lifetime."

In this instance, the gravamen of the action is contained in a single count; indeed, in a single paragraph of the petition, and in the proffered amendment to that paragraph. Both as it stood originally and as amended, the paragraph contains the averment of two distinct and contradictory causes of action. In the one count plaintiffs attempt to assert a right to recover a specific sum based upon an alleged contract to pay for services rendered, and at the same time to assert a right to recover from the administrator an alleged gift of that sum. It is not alleged that some part of the sum involved was paid to plaintiffs for services rendered and that some part was presented to them as a gift; but the averments are: " . . did pay (for services rendered) all the balance of said

money . . ," and "Further, . . he also gave all the balance of said money to plaintiffs. . ." Obviously, as we think, a payment for services rendered can not at the same time be a gift for love and affection. Such averments do violence to well-recognized rules of pleading. *Central of Ga. Ry. Co.* v. *Banks,* 128 *Ga.* 785 (58 S. E. 352) ; *Macon & Birmingham R. Co.* v. *Walton,* 127 *Ga.* 294 (56 S. E. 419) ; *City of Columbus* v. *Anglin,* 120 *Ga.* 794 (48 S. E. 318) ; *Stroup* v. *Crawford,* 26 *Ga. App.* 524 (106 S. E. 598) ; *Miller* v. *So. Ry. Co.,* 21 *Ga. App.* 367 (94 S. E. 619) ; *City of Albany* v. *Jackson,* 33 *Ga. App.* 30 (125 S. E. 478).

The trial judge erred in overruling the special demurrer to the plaintiffs' petition. Since all subsequent proceedings in the trial are regarded as nugatory, none of the assignments of error in the judgment overruling the motion for a new trial are here considered.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*