22035, 22045. BROWN *v.* TRAVELERS PROTECTIVE AS-
SOCIATION OF AMERICA; and *vice versa.*

*Alec Harris,* for plaintiff. *Wright & Covington,* for defendant.

HOOPER, J. The only headnotes requiring elaboration are those numbered 1 and 5.

■ Defendant, by demurrer to plaintiff's petition, challenged the right of plaintiff to recover damages and attorney's fees under provisions of § 2549 of the Civil Code (1910). The court overruled this ground of demurrer, and defendant filed exceptions pendente lite, upon which error is assigned in its cross-bill of exceptions. Defendant contends that the provisions of this section are inapplicable to fraternal benefit societies established under § 2866 et seq. of the Civil Code. The statute imposing said penalties refers expressly to insurance companies, and was enacted many years before enactment of the statutes authorizing the establishment of fraternal benefit orders, and the legislature could not have intended, therefore, to include such orders, societies or associations within its terms. This construction is clearly borne out by the terms of the statute providing for such fraternal orders, § 2869 of the Civil

Code expressly providing that "such orders shall be governed by this section [statute], and shall be exempt from the provisions of the insurance laws of this State." Section 2549 imposes a penalty and must be strictly construed. 33 C. J. 150, § 888. Rulings similar to the one here made are contained in the cases of Knights of Maccabees *v.* Anderson, 104 Ark. 417 (148 S. W. 1016), and Morrow *v.* National Life Association, 184 Mo. App. 308 (168 S. W. 881). The court therefore erred in overruling the ground of the special demurrer complaining of allegations in the petition as to damages and attorney's fees.

■ Plaintiff and defendant introduced evidence and closed, whereupon the court directed a verdict in favor of plaintiff for five weeks' partial disability at the rate of $12.50 per week. Plaintiff's certificate provided for weekly benefits for "total disability" not to exceed 104 weeks at the rate of $25 per week. The plaintiff received an injury to his left foot by a piece of timber dropping on it. Plaintiff testified in part: "I was crippled before I was able to do any work whatever, for three months and one day. I was partially crippled six weeks. . . *I was not able to do any work at all during that three months and one day,* and I was barely able to work during that other six weeks." (Italics ours.) By depositions taken prior to the trial and introduced in evidence by the defendant, the plaintiff testified in part as follows: "The character of the injury sustained by me was a broken left foot. I was incapacitated on account of that for three months and one day total. I was not confined to my bed during that time. I was able to go to my office on crutches. . . I was not confined to my home at all. I was at my office every day. It was the doctor's orders to keep my foot elevated on a steam heater down there. He said that would be better than staying at home. During that time I was able to get about just on crutches." Plaintiff's physician, Dr. J. H. Mull, testified in part: "I continuously tended him and treated him for this injury I imagine it was something like two or three months. I do not remember the time now. During the time he was under my care he was not able to work. . . He was not confined to his bed at all, . . but I did not see any reason why he should stay in bed. He could take a pair of crutches and get out. Had his duties been those of a retail salesman of automobile supplies in a retail house, he might have carried on some duties, but of

course the foot hurt him," etc. In his proof of claim the plaintiff claimed total disability from November 3, 1930 to January 19, 1931, and Dr. Mull, in his certificate attached to the proof of claim, certified that plaintiff was "totally disabled from engaging in any gainful occupation from November 3, 1930 to January 19, 1931." There was no evidence from either side that the plaintiff did any work within "two or three months" after the injury. In our opinion the foregoing evidence, when considered in the light of rulings made in *Cato* v. *Ætna Life Ins. Co.*, 164 *Ga.* 392 (138 S. E. 787), and cit., entitled plaintiff to have the question as to both the existence and the duration of total disability submitted to the jury. As to the distinction between partial and total disability, see Commercial Travelers' Mutual Accident Association *v.* Springsteen, 23 Ind. App. 567 (55 N. E. 973), cited in the Cato case, supra, and decisions therein cited. We rule, therefore, that the court erred in directing a verdict for the plaintiff for partial disability only, and in overruling the motion for a new trial complaining of the direction of such verdict.

*Judgment on both bills of exceptions reversed. Broyles, C. J., and Luke, J., concur.*