27356. TOMPKINS *v.* GOTTLIEB.

DECIDED MAY 3, 1939.

*Ulmer & Dowell,* for plaintiff. *Emanuel Javetz,* for defendant.

MACINTYRE, J. Mrs. Elsie Tompkins brought her action for damages for personal injuries against Harold I. Gottlieb. General and special demurrers were filed to the petition. The judge sustained certain of the special demurrers, allowing the plaintiff ten days in which to amend. The plaintiff failed to amend her peti-

tion, and the judge sustained the general demurrer. To these rulings the plaintiff excepted.

The petition was substantially as follows: The defendant leases, operates, controls, and maintains a public swimming-pool, amusement, and recreation place known as Daffin Park Swimming-Pool in Savannah, Georgia. On a certain date the plaintiff paid the defendant the fee of five cents required by the defendant as a charge for a shower-bath, which all persons are required to take before entering the pool. The defendant operates said swimming-pool, etc., for personal gain, leasing the same from the City of Savannah, and charging all persons entering said swimming-pool for said shower-bath, and additionally renting bathing suits and use of bath-house compartments to those desiring to use the same. Persons entering said swimming-pool may do so without renting a bathing suit or paying the bath-house fee, but are required to take said shower-bath as a prerequisite to entering said pool, and can not enter said swimming-pool without paying said fee for shower-bath. By the terms of the lease under which defendant operates said enterprise he is required "to keep the pool in a sanitary condition and in good repair," and is further required to carry liability insurance upon said enterprise to hold the mayor and aldermen of the City of Savannah harmless for any and all injuries to persons arising out of the operation of said recreation center. On a date previous to May 22, 1938, the exact date being unknown to petitioner, the defendant placed in the pool a large metal drum similar to drums used for the storage of gasoline, which was partly submerged in the water of the pool. Said drum was unanchored, and was permitted to float from one part of the pool to another, with no definite location. The drum had a sharp and dangerous metal edge, which was unknown to petitioner and could not be seen because the same was submerged in the water. This condition of the drum was known to the defendant, who failed to remedy this dangerous condition, or to remove the drum from the pool, or to warn bathers or the petitioner of the dangerous condition of said drum with its razor-like edge and of the danger of coming into its close proximity. About 4:30 p. m. on May 22, 1938, the petitioner, after swimming for some time, dived into the pool, and on coming to the surface struck her left kneecap against said drum, which severely cut her kneecap. She was free from fault, and did not

contribute to said injuries. The defendant was negligent as follows: "In placing said movable metal drum in said swimming-pool. In placing a metal drum in said swimming-pool which contained a sharp edge on the surface thereof. In permitting said drum to remain in said pool after it had acquired a sharp edge and thereby become dangerous. By failing to properly inspect said metal drum placed by said defendant in said swimming-pool as part of the equipment thereof, so as to have discovered the dangerous condition of said metal drum. In failing to warn the public generally, and petitioner particularly, of the dangerous condition of the said metal drum used in said swimming-pool after actual knowledge of its dangerous condition." Petitioner was an invited guest in common with the general public, and paid her required admission, and was invited by defendant for his personal profit and gain. Although she is married, by the consent and agreement of her husband she is, and was at the time of the injury, allowed to receive her own earnings and to contract her own bills, and she is entitled to sue for and recover her loss of earnings and the medical expense to which she has been put. She was in the hospital for about an hour, being treated by Dr. Lott, and she was treated at home by him for a period of twenty-two days. The medical expense was $8, and loss in earnings was at a rate of $14 per week. She now walks with a decided limp, and is advised that the condition is permanent. The defendant had notice of the condition of the drum, by reason of the fact that other bathers had received injuries thereon. The names of such persons are unknown to the petitioner, but are known to the defendant and his servants who rendered "first aid." At the time of the injury the petitioner was where she had a right to be, having paid the admission price. She was in no way contributorily negligent, and did not consent to the injuries inflicted upon her. The total amount of her expenses and injuries was $500, for which she prayed judgment.

The defendant demurred specially and generally to the petition; the grounds of special demurrer being as follows: The plaintiff should allege "how and in what manner the defendant leases, operates, controls, and maintains a public swimming-pool; that is, should show from whom the said swimming-pool is leased, upon what terms and conditions said swimming-pool is leased and operated by the defendant." The petition does not show when and to

whom the fee of five cents was paid; nor does it allege by whom and for what purpose all persons are required to take a shower-bath before entering the swimming-pool. That part of the petition which alleges that the defendant operates said swimming-pool is a conclusion of the pleader. That portion of the petition which alleges that the defendant is required to keep the pool in a sanitary condition and in good repair, and to carry liability insurance, is a conclusion of the pleader. The plaintiff should attach a copy of the lease agreement under which defendant operates the bath-houses, pavilion, and soft-drink stands in Daffin Park, so that the duties and obligations of the defendant in reference to the swimming-pool, which is the property of the City of Savannah and operated and controlled by the mayor and aldermen of the City of Savannah, will appear to the court. Said lease will also show specifically what portions of the recreation center located in Daffin Park are under the management and control of this defendant; and the plaintiff should attach a copy of the lease under which the defendant operates the pool, concessions, etc., of Daffin Park.

1. "Copies of contracts, obligations to pay, or other writings should be incorporated in or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon." Code, § 81-105. It is only necessary to set out such writings in the petition, or to attach a copy thereof as exhibits, if they constitute the cause of action sued upon or the basis of the relief prayed. *Steele* v. *Graves,* 160 *Ga.* 120 (3) (127 S. E. 465) ; *Moon Motor-Car Co.* v. *Savannah Motor-Car Co.,* 41 *Ga. App.* 231, 237 (2) (152 S. E. 611).

2. It is not incumbent upon a plaintiff, when he elects to bring an action ex delicto against a lessee of a swimming-pool for personal injuries received as a result of the lessee placing and maintaining a metal drum in said swimming pool in a dangerous condition, to wit, with a razor-like edge, to set forth in detail, by way of an exhibit attached to his petition or otherwise, the precise terms of the lease contract between the defendant lessee and his lessor, which is mentioned in his petition merely for the purpose of showing the relationship of the parties, and that the defendant was in control of and operated the said swimming-pool for personal gain and profit, it appearing from the petition that none of the alleged acts of negligence was in failing to keep the pool in a sanitary

condition and in good repair as was alleged to have been required by the terms of the lease contract. *Louisville & Nashville Railroad Co.* v. *Cody,* 119 *Ga.* 371, 373 (46 S. E. 429) ; *Horne* v. *Mullis,* 119 *Ga.* 534, 536 (46 S. E. 663) ; *Atlanta & West Point Railroad Co.* v. *Jacobs' Pharmacy Co.,* 135 *Ga.* 113 (68 S. E. 1039) ; *Charleston & Western Carolina Railway Co.* v. *Duckworth,* 7 *Ga. App.* 350 (66 S. E. 1018) ; *East Atlanta Land Co.* v. *Mower,* 138 *Ga.* 380 (2) (75 S. E. 418) ; *Brown* v. *Travelers Protective Asso.,* 45 *Ga. App.* 410 (165 S. E. 143) ; *Krebs Co.* v. *Godfrey Marble & Tile Co.,* 39 *Ga. App.* 494 (147 S. E. 399) ; *Equitable Building & Loan Asso.* v. *Brady,* 171 *Ga.* 576 (5) (156 S. E. 222) ; *Carter* v. *Spiegel, May Stern Co.,* 45 *Ga. App.* 754 (3) (166 S. E. 34) ; *Saville* v. *Lee,* 43 *Ga. App.* 263 (158 S. E. 441) ; *Wolbe* v. *Jossey,* 42 *Ga. App.* 612, 613 (3) (157 S. E. 233).

3. The gist of the action in the instant case is negligence in the maintaining of the metal drum in the swimming-pool with a razor-like edge thereon; and although the petition alleged that the defendant "leases, operates, controls, and maintains" the swimming-pool, and alleges the ultimate fact (*Lewis* v. *Amorous,* 3 *Ga. App.* 50, 53, 59 S. E. 338) that he operated the same for personal gain and profit under a lease from the City of Savannah, such contract of lease does not constitute the cause of action, and it is unnecessary to attach to the petition a copy of the lease to which the plaintiff was not a party. The petition set forth with legal sufficiency the acts of negligence complained of.

4. The judge erred in sustaining the demurrer on the ground that a copy of the lease was not attached to the petition, or all of its terms otherwise precisely set forth therein.

*Judgment reversed.* *Broyles, C. J., and Guerry, J., concur.*