### 27934. WILSON *v.* PROGRESSIVE LIFE INSURANCE COMPANY.

.DECIDED JANUARY 31, 1940.

*Claude Christopher, A. M. Zellner, W. B. Mitchell,* for plaintiff.
*Beck, Goodrich & Beck, William H. Beck Jr.,* for defendant.

FELTON, J. Thomas J. Wilson sued the Progressive Life Insurance Company on an insurance policy which he contracted for, on the life of his minor orphan grandson. The company defended on the ground that there was a previous policy issued on the boy's life to his great aunt, which had been voluntarily paid by the company, and that by the terms of the policy sued on it was invalidated by the existence of the former policy. The case was tried on an agreed statement of facts, which it is conceded by counsel gave to the grandfather an insurable interest in the life of the boy, but did not give to the great aunt an insurable interest. The judge,

trying the' case without a jury, found for the insurance company, and the plaintiff excepted.

A contract of insurance entered into between a person named as beneficiary therein and an insurance company, insuring another person in whose life the beneficiary has no insurable interest, is void from its inception, being a wagering contract and against public policy. Code, § 20-504; *West* v. *Sanders,* 104 *Ga.* 727 (31 S. E. 619). Such a contract amounts to no contract at all; and being void, it can not be perfected or vitalized by performance. The insurance company strenuously argues that it alone can raise the question of insurable interest, that its payment of the older policy made it good, and that the plaintiff herein can not urge the invalidity of the wagering contract. It cites the following cases: *Clements* v. *Terrell,* 167 *Ga.* 237 (3), 244 (145 S. E. 78, 60 A. L. R. 969); *Shinholser* v. *Henry,* 151 *Ga.* 237 (106 S. E. 719); *Doody* v. *Green,* 131 *Ga.* 568 (62 S. E. 984). These cases did not have reference to wagering contracts. They involved contracts entered into by an insured himself, who could name any one as beneficiary. No case is cited to the effect that an insurance company may take advantage of its own illegal and void contract to escape liability on a legal and binding one. The issuance of the first, a wagering policy, did not invalidate the second; and it was error for the judge to enter judgment in favor of the insurance company.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*