30331. YOUNG, executrix, *v.* LEWIS.

DECIDED FEBRUARY 16, 1944.

632

Mrs. Floyd Lee, by deposition made in behalf of Mrs. Young, said that Mrs. Young, and not Mrs. Lewis, cared for P. E. Lewis.

*S. W. Fariss,* for plaintiff in error. *G. W. Langford,* contra.

GARDNER, J. ■ We have set out verbatim the essential paragraphs of the petition because the writer believes that the public is entitled to such background as will enable members of the bar to better apply principles of law to future cases.

The defendant demurred to paragraph 7 of the petition on the basis of inconsistency. We have set forth this paragraph and the demurrer to the same. By reference it will be seen that the language in the statements claimed to be inconsistent can fall within the status of an implied contract. We do not think that "made arrangements with" is out of the scope of an implied contract. Certainly it would be difficult to put such phraseology within the scope of an express contract. We do not think that the phrase "made arrangements with" is as exact and comprehensive as is the phraseology in *Haas* v. *Jaffe,* 45 *Ga. App.* 11 (163 S. E. 226), wherein this court said: "In a suit against an executor to recover for services alleged to have been rendered by the plaintiff to the testator during his lifetime, allegations that 'petitioner has never been compensated in any way for said services, though it was understood between them that she was to be fully paid, the said [testator] expressly stating to her from time to time that he would pay her for said personal services as soon as he was physically able,' and that 'said personal services are of the reasonable value of $100 per month' during the period in which such services were rendered, did not show a suit upon an express contract, but the petition should be construed as an action upon a quantum meruit for the reasonable value of the services rendered. *Georgia, Florida &c. R. Co.* v. *Purviance,* 42 *Ga. App.* 519 (156 S. E. 731)." In *Watts* v. *Rich,* 49 *Ga. App.* 334 (175 S. E. 417), the court said: "A petition against an administrator of the estate of a named person, which alleges: that the plaintiff and her husband were asked by the intestate, an aged man who was sick with tuberculosis, to come to his house and live with him and take care of him; that the plaintiff and her husband moved into his house and lived with him, buying the groceries and taking care of him; that plaintiff waited upon him, built his fires, cooked his meals, sometimes serving them to the intestate in bed, attended and cared for him when he was con-

fined to his bed from sickness, and even nursed him, sometimes all during the night; that said work of attending to the intestate was tiresome, and dangerous on account of the disease he had, but plaintiff did so tenderly and carefully, meeting every need and want of the intestate; that the services plaintiff performed were satisfactory to the intestate; that the intestate had no relatives other than one brother, and was not on speaking terms with him; that no relatives of the intestate attended his funeral or made any arrangements therefor; that plaintiff attended the intestate from January 1, 1931, until his death on July 15, 1932, and that her services in this connection were reasonably worth $100 per month during 1931 and $150 monthly during 1932, the intestate being bedridden more during 1932, and consequently requiring more of the plaintiff's time to properly look after his needs and wants; that the estate of the intestate was solvent and he had no heirs except said brother; and that plaintiff is entitled to a judgment for the reasonable worth of her services, sets forth a cause of action against the estate of the intestate. While a plaintiff is required to set out his cause of action in a full, complete, and definite manner, in order that the defendant may, without difficulty, understand the nature of the plaintiff's charge or demand, and make preparation to meet it (Civil Code, § 5538), this requirement is to be liberally construed (*Kemp* v. *Central &c. R. Co.*, 122 *Ga.* 559, 50 S. E. 465); and a plaintiff is not required to allege impossible particulars or unnecessary details (*Bittick* v. *Georgia &c. R. Co.*, 136 *Ga.* 138, 70 S. E. 106), nor is a plaintiff required to set forth in his petition the evidence relied on to make out his cause of action, it being sufficient if he alleges enough to inform the opposite party of the grounds of his action, and to enable the jury to find an intelligible and complete verdict, and enable the court to declare distinctly the law of the case. *Cedartown Cotton &c. Co.* v. *Miles,* 2 *Ga. App.* 79 (58 S. E. 289); *Wrightsville &c. R. Co.* v. *Vaughan,* 9 *Ga. App.* 371 (2), 377 (71 S. E. 691)." The cases of *Moore* v. *Smith,* 121 *Ga.* 479 (49 S. E. 601); *Miller* v. *Southern Railway Co.,* 21 *Ga. App.* 367 (94 S. E. 619); *Burnett* v. *Lunsford,* 45 *Ga. App.* 168 (164 S. E. 100), and *McCullough* v. *Atlantic Refining Co.,* 50 *Ga. App.* 237 (177 S. E. 601), cited by plaintiff, differentiate themselves by their facts from the case at bar.

The defendant further contends that the petition was demurrable

because it did not allege details as to how the amount of money due was arrived at, and asked for more specific details as to just how much work was done by the plaintiff, and for specific charges for such services. In our opinion this contention is fully answered by *Watts* v. *Rich,* supra, hereinbefore quoted in part. See also *Webb Cotton Co.* v. *Gordon,* supra, wherein Judge Broyles, speaking for the court, said: "Reasonable definiteness and certainty in pleading is all that should be required; and factitious demands by special demurrer should not be encouraged." (Quoting *Busby* v. *Marshall,* supra). The same authorities are applicable as to paragraph 8 of the demurrer. *Cooper* v. *Cooper,* 59 *Ga. App.* 832 (2 S. E. 2d, 145), cited by counsel for plaintiff in error, does not apply to the instant case because in that case there was no express or implied contract to pay for the services rendered, while in the instant case there is sufficient pleading and evidence of intent to pay for services.

There being no special grounds, the only question is: did the evidence sustain the verdict? The evidence is somewhat conflicting and raised a jury question. There is sufficient evidence to sustain the verdict, and this court is without authority to disturb the jury's finding.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*