35077. HOUSING AUTHORITY OF SAVANNAH *v.* SAVANNAH IRON & WIRE WORKS, INC.

DECIDED MAY 12, 1954.

154

156

*Myrick & Myrick, Geo. C. Heyward,* for plaintiff in error.
*Bouhan, Lawrence, Williams & Levy,* contra.

GARDNER, P. J. It might be well here to call attention to the act creating the Housing Authority and certain principles of law relating thereto, particularly as to the exercise of eminent domain. The original act creating the Housing Authority was passed in 1937 (Ga. L. 1937, pp. 210 et seq.), as set forth in Code (Ann. Supp.) § 99-1119. Our State law provides in Code § 36-101 as follows: "The right of eminent domain is the right of the State, through its regular organization, to reassert, either temporarily or permanently, its dominion over any portion of the soil of the State on account of public exigency and for the public good; thus, in time of war or insurrection the proper authorities may possess and hold any part of the territory of the State for the common safety; and in time of peace the legislature may authorize the appropriation of the same to public purposes, such as the opening of roads, construction of defenses, or providing channels for trade or travel."

Code § 36-104 reads: "Except in cases of extreme necessity and great urgency, the right of eminent domain cannot be exercised without first providing for just compensation to the owner for the interference with his exclusive rights."

It will thus be seen that, under the last-quoted section as applied to the pleadings in the instant case, there was no extreme necessity and great urgency for the defendant to exercise the right of eminent domain without first providing for just compensation for the defendant. It might be well to note also that the taking in the instant case was of a permanent and not a temporary nature. The defendant was without authority of law to enter into the estate of the property in question without proper

condemnation proceedings, and the plaintiff was not required, under the law, to surrender the possession of its estate without first requiring the defendant to condemn the property under the proceedings provided for condemnation under our law. However, both parties had an agreement by which the defendant took possession of the property and the plaintiff moved out. The parties had a right to make this agreement, but the agreement left the amount of just compensation to be determined thereafter. The parties could not agree on just compensation, and the defendant failed to exercise its right of eminent domain. Thus it was that the plaintiff instituted this action.

■ General demurrer: Regarding the measure of damages for the taking of a leasehold interest—in all jurisdictions, so far as we know, the rule is as stated in 29 C. J. S. 988, § 143 (b), as follows: "If a leasehold interest is taken or injured, the lessee is entitled to a sum which may restore the money loss consequent to the taking or injury. This consists generally of the fair market value of the leasehold or unexpired term of the lease and is said to be the difference between the rental value of the remainder of the term and the rent reserved in the lease. Stated otherwise, the measure of damages is the difference between the fair market value of the lessee's interest, that is, the value of the annual use of the premises. . . The value of the lease at the time of the taking or injury is not its value to the lessee for a particular purpose, but its fair market value."

The defendant contends that the plaintiff fails to set out a cause of action because the plaintiff is attempting to sue under an implied contract to recover the value of the leasehold agreement. We do not think that this contention is meritorious. When the parties agreed to dispense with the proceedings of eminent domain before receiving just compensation of the value of the leasehold estate, the defendant was thus brought into the position of an implied contract to pay just compensation under the provisions of the law of our State. The action is not based on the breach of a contract to pay damages, but it is based on the proposition that the defendant took the property of the plaintiff without paying just and adequate compensation therefor, contrary to art. I, sec. III, par. I of the Constitution of Georgia (Code, Ann., § 2-301). The suit is for the value of the plaintiff's

leasehold, which the defendant failed to condemn. No reason appears why the defendant did not exercise its right of eminent domain, after a failure between the parties to agree on just and adequate compensation. The plaintiff could not initiate such proceedings. This principle is very clearly expressed in 18 Am. Jur. 1023, § 380, as follows: "When the statutory remedy, however broad it may be, cannot be initiated by the owner of the land, and the condemner alone can put it into operation and fails to do so, the statutory remedy is not exclusive, and the owner may resort to his action at common law. To construe the statute otherwise, it has been held, would render it unconstitutional."

In 18 Am. Jur. 773, § 145, it is said: "From a taking by the Government under the power of eminent domain, there arises an implied promise . . . to compensate the owner for his loss." The plaintiff is entitled to recover the market value of the leasehold interest, less rental payment to the end of the term.

The defendant attacks the petition on another theory—that it is brought for the alleged value of the construction of an entirely new building on another tract of land for the sum of $71,157.49. So far as the general demurrer is concerned, we will not discuss this item in further detail, but will deal with it hereinafter in discussing the special demurrers. As to the general demurrers, the petition is not so vague and indefinite as to make it subject thereto. The court did not err in overruling them.

■ We next consider the special demurrers: first, the demurrers to the petition before amendment. These demurrers to the petition consist of six separate counts. They were overruled, and of necessity we must consider them in the light of the petition as amended. They are directed against paragraphs 14, 15, and 16 as amended and set forth in the above pleadings.

(a) The first ground of these demurrers attacks the petition on the ground that copies of the lease and the transfer thereof are not attached to the petition by exhibit. Code § 81-105 does not require such exhibits to be attached. That section requires copies of contracts as exhibits where the petition constitutes the cause of action. That is not the situation in the instant case. In addition to the Code section, see *Tompkins* v. *Gottlieb*, 60 *Ga. App.* 48, 51 (2) (2 S. E. 2d 757).

(b) Grounds 2, 3, and 4 of the special demurrers will be con-

sidered together. Ground 2 attacks paragraph 14 of the petition before amendment. Ground 4 deals with that portion of paragraph 16 with reference to items of expense of $8,000.94, covering the removal of equipment, machinery, and inventory to the new site. The allegations of the petition and the demurrers thereto are set forth hereinabove. In the amendment of paragraph 16, it was alleged substantially that all the items in paragraphs 14, 15, and 16 are pleaded as background illustrative of the fair market value of the plaintiff's leasehold interest, and that such items as are mentioned in these paragraphs were not sought to be recovered as damages per se. Our view is that the items mentioned in paragraphs 14, 15, and 16 are not recoverable as damages per se, but it is our opinion that they may be pleaded as background and illustrative of the recoverable value of the leasehold estate. Of course, if this evidence is admitted, it becomes the duty of the court to explain fully and clearly the purpose for which the testimony is admitted as evidence. The defendant contends that such evidence is not admissible. We disagree with counsel in that regard. We call attention to *American Thread Co.* v. *Rochester*, 82 *Ga. App.* 873 (2) (62 S. E. 2d 602), to sustain our view. See *Hobbs* v. *Holliman*, 74 *Ga. App.* 735 (41 S. E. 2d 332) ; *Rhodes* v. *Industrial Finance Corp.*, 64 *Ga. App.* 549, 551 (13 S. E. 2d 883) ; *Pause* v. *City of Atlanta*, 98 *Ga.* 92 (26 S. E. 489, 58 Am. St. R. 290). In this connection our attention is called to U. S. *v.* Katz Drug Co., 150 Fed. 2d 681, 684. That decision recites and relies on the opinion of the United States Supreme Court in U. S. *v.* General Motors Corporation, 323 U. S. 373 (65 Sup. Ct. 357, 89 L. ed. 311). We will not discuss the two above decisions at length but only briefly. It will be observed that the taking by the Federal Government was temporary and under an emergency. In the instant case, the taking was permanent and under no emergency. It will be observed, however, that in those two cases the court went to great length in admitting evidence illustrative of the compensation which the leaseholder was entitled to receive for the temporary taking of the leasehold estate even to the extent of allowing a bonus to be included as an item to be considered. Our State courts are likewise liberal. Our Constitution does not mention fair market value with reference to condemnation of

property, but uses the words "just and adequate compensation." See also *Housing Authority of Augusta* v. *Holloway,* 63 *Ga. App.* 485 (11 S. E. 2d 418) ; *Elbert County* v. *Brown,* 16 *Ga. App.* 834 (4) (86 S. E. 651). See also 34 A. L. R. 1523; 3 A. L. R. 2d 315. While it may be true that some of the cases above cited may not be similar in all respects to the issue before the court in the instant case, in our opinion they are analogous and shed much light on the items before us.

We have read carefully the decisions of *Miner* v. *Graham,* 60 *Ga. App.* 189 (1) (3 S. E. 2d 211), and *Shiver* v. *Burkett,* 74 *Ga. App.* 195 (39 S. E. 2d 431), called to our attention by counsel for the defendant. These cases under the facts are not applicable to the situation here. Neither do we think *Burnett* v. *Lunsford,* 45 *Ga. App.* 168 (164 S. E. 100) applicable to the facts of the instant case.

(c) Ground 5 of the special demurrers in reference to paragraph 23 of the petition, in view of what we have already said, is without merit.

(d) Ground 6 of the special demurrers to the original petition is without merit under the facts of this case, in view of what we have held hereinabove.

(e) We come next to consider the special demurrer of November 12, 1953, to the petition as amended regarding paragraphs 14, 15, 16, 22, and 23. The defendant renewed its special demurrers to the original petition before filing the additional special demurrer to the petition as amended. It is contended by the plaintiff that the additional special demurrers came too late, and it cites *Dixie Broadcasting Corp.* v. *Rivers,* 209 *Ga.* 98 (2) (70 S. E. 2d 734). We do not agree with that contention in view of the amendment filed by the plaintiff. It is our opinion that the amendment materially changed the cause of action, and the defendant was authorized to renew its general and special demurrers to the original petition and to set forth additional special demurrers to the petition as amended.

We have noted this additional demurrer, filed November 12, 1953, which we will now deal with in the proper order. Ground 1 attacks the petition as amended as being duplicitous. This ground is without merit.

Ground 2 attacks the petition because the item of $8,000.94,

mentioned in paragraph 16, is not itemized. Since this expense is not alleged to be recoverable as an item of expense per se, but only as illustrative of just and adequate compensation for the taking of private property, it is not required to be itemized.

Ground 3 attacks the petition as to paragraphs 14, 15, and 16, in that, as contended, such paragraphs are vague, indefinite, defective, and irrelevant. There is no merit in this ground.

Ground 4: The substance of this ground in the main attacks paragraph 15, which deals with rental costs of the new quarters. The amendment states that the allegations as to the rental costs of the new quarters are pleaded as inducement and illustrative of the amount of just and adequate compensation, and are not required to be pleaded in detail. This ground is without merit.

Ground 5 of the demurrer, referring to paragraph 15 of the petition, calls for more specific allegations with reference to certain items of damage which are not set forth as damages recoverable per se. In such a situation, the law does not require detailed pleadings as to such matters of inducement. There is no merit in this ground.

. Ground 6: This ground is a mere restatement of ground 4 of the demurrer to paragraph 23 of the original petition. We think that the correct value of the leasehold interest is a question of· fact for the jury to determine. We have already stated that the item of $71,157.49, mentioned in paragraph 23 of the petition, is admissible as an inducement under proper instruction of the court. Since this item is not sought to be recovered as damages per se, the law does not require detailed and itemized statements of the same to be set forth in detail. There is no merit in this ground.

Ground 7 attacks paragraph 25 of the original petition, which seeks to recover from this defendant $250 per month rental after the defendant had entered into possession of the leasehold property. If the plaintiff had not paid this amount, it is possible that it could not, under all the facts and circumstances in the pleadings hereinabove set out, preserve its right. It is undisputed, so far as the pleadings go, that the plaintiff paid the $250 to the defendant at a time while the defendant was in possession of the property under the leasehold estate and the defendant had moved out. We can see no reason why this item of money had

and received cannot be recovered in this action. This ground is without merit.

The court did not err in overruling the general and special demurrers to the petition as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*